c/o Clerk of,
Court of Criminal Appeals
STATE OF TEXAS
Supreme Court Building
201 W. 14th Street, Room 106
Austin, Texas 78701

October 19th 2015

In RE: "Applicants motion Requesting
Pending Resolution, of writ of
Habeas corpus Application be Held
in Abeyance on Trial courts' Evidentiary
challenge..."

"Good Morning"

With the new day off to a very good busy start, I
wish to "Thank You" for sparing a moment to read my
request.

Would you "please" file my motion with the stamp
file copy of your reference writ number and docket
my cause for the Honorable Justices decision. Could
you "please" stamp file a copy returned to me.

Enjoy a great Holiday Season and I remain with
the very best of wishes... I am

Sincerely,

Michael Seeger

cc: file (2)

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 22 2015
Abel Acosta, Clerk

EX PARTE
MICHAEL RUDI SEEGER
APPLICANT

)  IN THE DISTRICT COURT
)  NO. 186th JUDICIAL DISTRICT
)  OF
)  BEXAR COUNT, TEXAS

APPLICANTS MOTION REQUESTING PENDING RESOLUTION OF WRIT OF HABEAS CORPUS APPLICATION BE HELD IN ABEYANCE ON TRIAL COURT'S EVIDENTIARY CHALLENGE

BEFORE... THE HONORABLE COURT OF ~~CRIMINAL~~ APPEALS JUDGE'S DECISION!

APPLICANT, MICHAEL RUDI SEEGER, HAS RIGHT TO ATTACK VALIDITY OF CONVICTION ON GROUND OF DENIAL OF DUE PROCESS, IN ORIGINAL HABEAS CORPUS FOR THAT PURPOSE. MIXON v. STATE (CR.APP.1963) 365 S.w. 2d 364. HABEAS CORPUS KEY DIGEST NO. 447.

APPLICANT FILED HIS PETITION FOR WRIT OF HABEAS CORPUS ON SEPT. 16th, 2015. THE STATE WAS SERVED BY THE DISTRICT CLERK ON SEPT. 23rd, 2015. THE STATE'S RESPONSE WAS STAMPED FILED ON OCT. 12th, 2015, APPLICANT RECEIVED STATE'S RESPONSE ON OCT. 16th, 2015. THE STATE'S GENERAL DENIAL DEMANDS STRICT PROOF... WHICH, "APPLICANT CONSTRUES THIS DEPRIVATION OF DUE PROCESS CHALLENGE FOR AN EVIDENTIARY."

APPLICANT REQUESTED A HABEAS HEARING PURSUANT TO ARTICLE'S 11.11 AND 11.31, VERNON'S ANN. C. C.P." WHICH DIRECTS THE SHERIFF OF BEXAR COUNTY TO BRING FORTH, APPLICANT IN ORDER TO ENABLE THE COURT TO REVIEW THE LEGALITY OF APPLICANT'S DETENTION. TEXAS CONSTITUTION ARTICLE 1, § 29; TEXAS GOVERNMENT CODE § 311.021(1) (VERNON'S 2015),

ISSUE'S TO BE RESOLVED

(1). APPLICANT'S RIGHT TO REPRESENTATION BY COUNSEL IN THIS HABEAS CORPUS PROCEEDING. ARTICLE 1.051(d)(3) VERNON'S ANN. C.C.P.;

(2). APPLICANT RESPECTFULLY CONTEND'S A MISTAKE-OF-FACT DEFENSE IN THIS CLAIM THAT SOME FACTUAL ERROR NEGATES THE MENS REA NECESSARY FOR A GUILTY VERDICT ON SECOND HAND EVIDENCE WHICH WAS HEARSAY. THE STATE FAILED TO PROVE THE INFLICTION OF BODY INJURY WHICH IS AN ELEMENT OF ASSAULT. ARTICLE'S 21.03 AND 37.09 § 2 VERNON'S ANN. C.C.P.

APPLICANT CONTEND'S HE HAD PENDING A MISDEMEANOR CASE WHICH WAS DISMISSED IN COUNTY COURT (8) BY JUDGE LICA RODRIGUEZ.

ASSAULT GENERALLY - RESISTING ARREST WAS LESSER INCLUDED OFFENSE WITH AGGRAVATED ASSAULT ON POLICE OFFICER. SUTTON V. STATE (CR. APP. 1977) 548 S.W. 2d 697. INDICTMENT AND INFORMATION KEY DIGEST NO, 189 (2).

APPLICANT CONTEND'S THE 4th CT. APP'S JUSTICE HONORABLE KAREN ANGELINI MISCONSTRUES A STATUTE. TEXAS RULE'S OF EVIDENCE RULE 103 RULINGS ON EVIDENCE."

APPLICANT CONTEND'S TO DETERMINED WHETHER APPLICANT WAS ENTITLED TO A CHARGE ON A LESSER - INCLUDED - OFFENSE, COURT OF APPEALS CONSIDERS ALL THE EVIDENCE PRESENTED BY THE STATE AND THE DEFENDANT. SCHROEDER V. STATE (APP. 13 DIST, 2003) 133 S.W. 3d 654, PDR REVIEW GRANTED, REVERSED 123 S.W. 3d 398, HABEAS CORPUS DISMISSED 2W 6 WL 722202. CRIM. LAW KEY DIGEST NO, 795 Q. V.

APPLICANT CONTEND'S APPELLANT'S COUNSEL OVERLOOKED THE 4th COURT OF APPEALS MEMORANUM OPINION AND JUDGMENT WERE OPINION'S THAT DENIED APPLICANT A FAIR OPPORTUNITY TO BE HEARD. TEX. R. APP. PROC. R. 47.1. A SECOND OR ADDITIONAL JUDGMENT VIOLATED DUE PROCESS CLAUSE. THE CONSTITUTIONAL PROVISION THAT PROHIBITS THE GOVERNMENT FROM UNFAIRLY OR ARBITRARILY DEPRIVING A PERSON THE RIGHT TO A FAIR HEARING. THE COURT OF CRIMINAL APPEALS, IN EX PARTE PERALES, 215 S.W. 3d 418... STATED: IF THE RECORD IS DEVOID OF EVIDENTARY SUPPORT FOR A CONVICTION, AN EVIDENTIARY CHALLENGE IS COGNIZABLE ON A WRIT OF HABEAS CORPUS. CONVICTION MAY BE SUCCESSFULLY ATTACKED BY HABEAS CORPUS ON GROUND OF INSUFFICIENT EVIDENCE. EX PARTE CALDWELL (CR. APP. 1964) 383 S.W. 2d 587.

## SCOPE OF REVIEW

COURT OF CRIMINAL APPEALS IS NOT BOUND BY FINDINGS OF TRIAL COURT IN A HABEAS CORPUS PROCEEDING AND MAY MAKE CONTRARY FINDINGS WHEN RECORD WILL NOT SUPPORT TRIAL COURT'S FINDINGS. EX PARTE WILLIAMS (CR. APP. 1972) 486 S.W. 2d 566.

## CONCLUSION

WHEREFORE, PREMISES, CONSIDERED, APPLICANT PRAYS THIS HONORABLE COURT OF CRIMINAL APPEALS JUSTICES "GRANT" THIS MOTION IN THE FAIR INTEREST OF JUSTICE AND WITHOUT PREJUDICE, ISSUE AND ORDER TO THE TRIAL COURT TO HOLD AN EVIDENTIARY HEARING TO DETERMINE THE LEGALLY OF APPLICANTS CONVICTION.

SIGNED AND ENTERED ON THIS 19th DAY OF OCT., 2015.

RESPECTFULLY SUBMITTED,
S/ Michael Rudi Seeger
APPLICANT PRO-SE
MICHALE RUDI SEEGER
TDC-JZO #1894466
DOMINGUEZ STATE JAIL
6535 CAGNON ROAD
SAN ANTONIO, TEXAS 78252

## UNSWORN DECLARATION BY AN INMATE

I, MICHALE RUDI SEEGER, TDCJZO #1894466, BEING PRESENTLY CONFINED IN THE DOMINGUEZ STATE JAIL, IN SAN ANTONIO, TEXAS... DECLARE UNDER PENALTY OF PERJURY THAT, THIS MOTION IS TRUE AND CORRECT.

SIGNED ON THE 19th DAY OF OCT., 2015.

S/ Michael Rudi Seeger
APPLICANT PRO-SE

(P. 2)